| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------------------------x

RAMON RODRIGUEZ,                       ORDER

             Plaintiff,

      -against-                                   12-mc-0639 (JG)

UNITED STATES OF AMERICA,

             Defendant.

-------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        Petitioner Ramon Rodriguez has filed a pro se motion to expunge or seal the criminal record associated with his conviction in *United States v. Rodriguez*, No. 95-cr-01125 (E.D.N.Y. filed Dec. 1, 1995). According to the docket in that case, Rodriguez pleaded guilty on January 17, 1996 to importing a Schedule I controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(A). After accepting Rodriguez's plea of guilty, this Court sentenced Rodriguez to a 37-month term of imprisonment to be followed by a 3-year term of supervised release.

        In the letter he filed in support of his motion, Rodriguez states that he has "regret for [his] mistake," and that, since completing his sentence, he has "integrated in society," held a "stable job for twelve years" and bought a house. He further states that he is "determined to delete . . . this stain," and that he "want[s] to [give] service to this great country," by voting and serving on a jury. Rodriguez does not challenge the legality or validity of his conviction, or the legality or validity of his arrest or the indictment to which he pleaded guilty, but appeals solely to this Court's equitable discretion.

This Court possesses inherent, equitable power to order expungement of criminal records. *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir. 1977); *accord Garcia v. Teitler*, 443 F.3d 202, 207 (2d Cir. 2006) (citing *Schnitzer* as an example of an exercise of ancillary jurisdiction in criminal cases); *but see United States v. Lucido*, 612 F.3d 871, 874-75 (6th Cir. 2010) (holding that district courts lack ancillary jurisdiction to expunge a criminal record on purely equitable grounds); *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007) (same); *United States v. Meyer*, 439 F.3d 855, 862 (8th Cir. 2006) (same); *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001) (same); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) (same).

The standard for expunging a criminal record "is extremely stringent," *Fernandez v. United States*, No. 09-mc-326 (CPS), 2009 WL 2227140, at *1 (E.D.N.Y. July 24, 2009) (internal quotation marks omitted). As the Second Circuit has cautioned, the power to expunge is a "narrow one . . . reserved for the unusual or extreme case," and should be exercised only in "extreme circumstances." *Schnitzer*, 567 F.2d at 539, 540; *cf. In re Farkas*, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) ("[E]xpunction [of an arrest record] should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct."). Moreover, Congress recognized a "compelling public need" to retain criminal records when it authorized the Department of Justice to acquire and preserve such records. *Schnitzer*, 567 F.2d at 539 (internal quotation marks omitted); *see* 28 U.S.C. § 534(a) (authorizing the Attorney General to collect and exchange criminal records).

Although I commend Rodriguez for the positive steps he has taken in his life, I find that his desire to put his past behind him and fully participate in civic life, though sincere and laudable, is not enough to trigger an exercise of this Court's equitable power. Because I find

that he has not demonstrated the kind of extreme circumstances that merits an exercise of this Court's equitable power to expunge or seal his criminal record, his motion is DENIED.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 12, 2012
Brooklyn, New York